# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY LEE JONES,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No.: 1:14-cv-01991 - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |

Plaintiff Roy Lee Jones is seeking judicial review of a determination of the Social Security Administration. (Doc. 1.) Plaintiff alleged the ALJ issued a decision denying his claim for benefits on September 22, 2014. (*Id.* at 2.) However, it is not clear that Plaintiff exhausted his administrative remedies, as required pursuant to 42 U.S.C. § 405(g).

The Court's jurisdiction to review the denial of Social Security benefits is granted pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added). Except as provided by statute, "[n]o findings of fact or decision of the

Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

The meaning of the term "final decision" in Section 405(g) was left to the Commissioner of Social Security "to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Pursuant to the Regulations, a claimant obtains the Commissioner's "final decision" only after completing the administrative review process, which includes: (1) an initial determination, (2) reconsideration, (3) a hearing before an administrative law judge, and (4) review by the Appeals Council. 20 C.F.R. §§ 404.900(a). As a result, the Supreme Court determined judicial review of the denial of benefits is only available to a claimant who has exhausted available administrative remedies, explaining:

> SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if … the Council denies the request for review, the ALJ's opinion becomes the final decision. See 20 CFR §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a) (1999). **If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases**. See § 404.900(b); *Bowen v. City of New York*, 476 U.S. 467, 482-483, 90 L. Ed. 2d 462, 106 S. Ct. 2022 (1986). In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies. *See Salfi*, 422 U.S. at 765-766.

*Sims v. Apfel*, 530 U.S. 103, 107 (2000) (emphasis added). In other words, "[a] final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (citing *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993)).

Here, there are no facts alleged supporting a finding that Plaintiff exhausted his administrative remedies by requesting review by the Appeals Council. Further, there are not facts supporting a determination that the exhaustion requirement has been waived by the Commissioner or should be waived by the Court. *See Kildare*, 325 F.3d at 1082.

Accordingly, Plaintiff is **ORDERED** to show cause within twenty-one days of the date of service why the action should not be dismissed for his failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:   **December 17, 2014**          **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE