# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY LEE JONES,<br><br>        Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:14-cv-01991 - JLT<br><br>ORDER DISCHARGING THE ORDER TO SHOW CAUSE DATED DECEMBER 17, 2014 |

On December 17, 2014, the Court found it was not clear from the pleadings that Plaintiff had exhausted his administrative remedies, thereby giving the Court jurisdiction to review the decision of the administrative law judge ("ALJ"). (Doc. 4.) In the Complaint, Plaintiff alleged that an ALJ issued a decision denying his application for benefits on September 22, 2014. (Doc. 1 at 2.) Noting that Plaintiff did not allege that he requested review by the Appeals Council, the Court issued an order to show cause to Plaintiff why the action should not be dismissed for his failure to exhaust administrative remedies. (Doc. 4 at 1-2.)

Plaintiff filed a timely response to the Court's order on January 7, 2015, informing the Court for the first time that his claim for benefits was before the ALJ pursuant to a remand ordered by the District Court in *Jones v. Comm'r of Soc. Sec.*, case number 1:12-cv-01283-BAM. (Doc. 5 at 2.) Importantly, decisions issued upon remand are not governed by the same regulations or administrative remedies.

*See* 20 C.F.R. §§ 404.983, 404.984. If a claimant does not file an exception disagreeing with the ALJ and the Appeals Council does not assume jurisdiction over the decision, the ALJ's written decision is a "final decision of the Commissioner after remand." 20 C.F.R. §§ 404.984(d).

In light of the new information regarding the decision rendered by the ALJ upon remand, the Court's order to show cause dated December 17, 2014 (Doc. 4) is **DISCHARGED**.

IT IS SO ORDERED.

Dated: **January 8, 2015**   /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE